# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No.  2:14-CV-00102-JPH

PEGGY SUE PETERSON, a/k/a
PEGGY SUE SHAW,

                    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 16. Attorney Dana Chris Madsen represents plaintiff (Peterson). Special Assistant United States Attorney Franco L. Becia represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 16.

## JURISDICTION

Peterson applied for supplemental security income benefits (SSI) on December 4, 2012, alleging disability beginning at birth on July 1, 1963  (Tr. 175-80). The claim was denied initially and on reconsideration (Tr. 116-19, 124-30).

ORDER  ~ 1

Administrative Law Judge (ALJ) R.J. Payne held a hearing October 24, 2013. Peterson, represented by counsel, and a medical expert testified  (Tr. 38-66).  On November 25, 2013, the ALJ issued an unfavorable decision (Tr. 21-35). The Appeals Council denied review March 6, 2014, making the ALJ's decision final (Tr. 1-5). On April 18, 2014 Peterson filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Peterson was 50 years old at the hearing. She has a ninth grade education and earned a GED. She has worked as a housekeeper, dishwasher, nursing assistant/care giver, stocker and prep cook. She can walk two or three blocks, stand seven minutes and sit ten minutes. (Tr. 44-55, 57, 436).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall

be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's

ORDER ~ 4

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### ALJ'S FINDINGS

At step one ALJ Payne found Peterson did not work at SGA levels after the application date of December 4, 2012 (Tr. 23). At steps two and three, he found Peterson suffers from chronic back pain due to age-related degenerative changes, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 23, 27). The ALJ found Peterson less than fully credible (Tr. 29). He assessed a residual functional capacity (RFC) for a range of light work (Tr. 27). At step four, the ALJ found Peterson is able to perform her past relevant work as a stocker, housekeeper and prep cook (Tr. 30). Alternatively, at step five, the ALJ used the Medical-Vocational Guidelines (Grids) as a framework and found Peterson is not disabled as defined by the Act  (Tr. 31).

**ISSUES**

Peterson alleges the ALJ erred when he weighed the medical evidence and assessed credibility. She alleges he should have sought the opinion of a vocational expert and should have found she is disabled by applying the Grids. ECF No. 14 at 9.  The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error.  She  asks the court to affirm. ECF No. 16 at 3.

**DISCUSSION**

*A. Credibility*

Peterson alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 14-17. The Commissioner answers that because there is affirmative evidence of malingering, no additional reasons are required, and the ALJ's finding is nonetheless supported by clear and convincing reasons supported by substantial evidence. ECF No. 16 at 5-12.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190,  1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ

must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons are clear and convincing.

There is evidence of malingering. In November 2012 Peterson came to the emergency room alleging she was numb from neck to toe and had lost feeling in her hands. Findings were very benign. Peterson later admitted she needed a place to sleep because recently she had been kicked out of a shelter. The ER doctor diagnosed malingering (Tr. 23, 338-43). The ALJ opines test results in 2008 and 2013 suggested malingering. (Tr. 24-25, 29, 406-12, 434-45.)

While tests in 2013 suggest plaintiff exaggerated difficulties (Tr. 439), results in 2008 show *underreporting* of symptomology (Tr. 407-08)(tests show Peterson is attempting conceal any symptoms). However, she is also described by the same examiner as "evasive, vague, obstructive, and resistant to disclosing any real details about her life." (Tr. 25, citing Tr. 407).

The ALJ relied, in part, on the lack of supporting objective evidence and failure to follow treatment recommendations. See Tr. 23-30, referring to Tr.  379 (good muscle strength throughout both arms; Tr. 381 (good range of motion and no weakness in both legs); and Tr. 281 (failed to get an MRI ordered by Dr. Shanks). Plaintiff takes no medication for her physical conditions (Tr. 437). The medical

expert testified he did not see evidence of nerve damage in Peterson's hands or feet. Degenerative changes in the spine were solely a function of age and would not result in any limitations (Tr. 24, referring to Tr. 40-43). All suggest much greater functional capacity than alleged.

Plaintiff has also made numerous inconsistent statements. She told Dr. Pollack she had suffered no childhood abuse (Tr. 436). She told Dr. Mabee she suffered physical abuse by her mother and sexual abuse by her brother during childhood (Tr. 405).

Subjective complaints contradicted by medical records may be considered, as long as it is not the only basis for discrediting a claimant's subjective complaints. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inadequately or unexplained failure to follow treatment recommendations or consistently seek treatment is properly considered. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005). The ALJ may consider inconsistent statements when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Mental impairments*

Peterson alleges the ALJ should have found she suffers severe mental

impairments. ECF No. 14 at 12-14. The Commissioner responds that plaintiff failed to meet her burden and the ALJ properly weighed the evidence of mental impairment. ECF No. 16 at 15-20.

At step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The existence of a medically determinable impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings. SSR 96-4p.

Next, the claimant has the burden of proving that "these impairments or their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001). Denial of a claim at step two is only appropriate if the medical signs, symptoms and laboratory findings establish only a slight abnormality that would not be expected to interfere with a person's ability to work. This has been described as a "de minimus" screening device designed to dispose of groundless or frivolous claims. *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988); SSR 85-28.

W. Scott Mabee, Ph.D., evaluated Peterson three times. The first evaluation was April 24, 2008 (Tr. 403-12). He opined psychological problems prevent her from working (Tr. 408). He evaluated plaintiff again six months later, on October 15, 2008 (Tr. 413-21). He opined "substance abuse could be a possibility" (Tr. 417).

Dr. Mabee evaluated plaintiff again after another six months, in April 2009. Plaintiff was trying to find a job. He opined she "clearly has problems;" however, the MMPI-2 was again invalid (Tr. 422-33).

The ALJ rejected Dr. Mabee's opinion because Plaintiff's current application failed to allege any mental problems. Similarly, the appeals documents failed to allege any mental problems (Tr. 25). She has never had mental health treatment and takes no psychotropic medication (Tr. 25). She has greatly exaggerated symptoms on most of the tests she has been given. These are all specific, legitimate reasons for rejecting this examining psychologist's opinion. In addition, plaintiff described her activities as baking, taking classes, cooking, cleaning, driving, grocery shopping, going to the library and visiting friends and family (Tr. 424). This level of functioning is clearly inconsistent with debilitating mental health symptoms.

Dr. Pollack evaluated plaintiff more than four years later, on October 22, 2013. Some of the personality test results were invalid.  (Tr. 434-45.) He assessed several marked and moderate limitations (Tr. 442-444).

The ALJ rejected this opinion because the assessed cognitive disorder is not supported by the Plaintiff's own statements that she had a normal educational experience. *Cf*. Tr. 441 with *Tr*. 405 (no special education classes; left school in ninth grade to became a babysitter and later earned a GED). Plaintiff's long work history is also inconsistent with a disabling cognitive disorder. *See* Tr. 405 (plaintiff

ORDER ~ 11

worked for eighteen years as a geriatric health provider).

In evidence considered by the Appeals Council but not by the ALJ, Patricia Norton, MA, LMHC opined in December 2013 plaintiff is unable to work (Tr. 449-50). The Court considers this evidence part of the record on review. *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Ms. Norton's opinion does not change the outcome. The ALJ appropriately determined plaintiff does not suffer from a severe mental impairment. The record strongly supports this conclusion. Plaintiff's past and present activities and established malingering in particular support the ALJ's finding. The opinion of a case manager at the homeless shelter where plaintiff sometimes resides does not change the other evidence supporting the ALJ's determination.

Plaintiff did not allege mental limitations initially or on appeal. The undersigned finds that the claimant has not met the burden of establishing a severe mental impairment or error by the ALJ in weighing the evidence of mental limitations.

An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may not rely *solely* on a nonexamining expert's opinion when rejecting the opinion of a treating doctor, as this does not constitute substantial evidence. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir.

1990)(emphasis added). Opinions based on a claimant's unreliable self-report need

not be credited. *Bayliss*, 427 F.3d at 1216.

*C. RFC and Grids*

Peterson alleges the ALJ erred by finding she has the RFC to perform a range

of light work. She alleges she should have been found capable of sedentary work, as

assessed by Dr. Shanks, and this would mandate a finding of disability pursuant to

Medical-Vocational Rule 201.14 (the "Grids). ECF No. 14 at 14.

The flaw in Plaintiff's reasoning is with respect to the RFC. The ALJ found

plaintiff is capable of light rather than sedentary work, and this finding is fully

supported.

The ALJ notes Plaintiff testified she thought she could perform light work (Tr.

29, 58 – plaintiff says she can carry 12 to 18 pounds). She also testified on Sundays

she puts together 10 tables, 84 chairs and 12 salt and pepper shakers for church

banquets (Tr. 29, 63). Perhaps most significantly Dr. Shanks expected the limitation

to sedentary work to last no more than two months. (Tr. 26, 376).

The ALJ properly found plaintiff is able to perform light work.

*D. VE*

Peterson alleges the ALJ erred by failing to call a vocational expert to testify.

ECF No. 14 at 11-12.

The ALJ found plaintiff has no severe mental limitations and is capable of

performing past relevant work. This assessed RFC did not require a vocational expert's testimony. Step five was an alternative finding, one the ALJ was not required to make. On this record a vocational expert's testimony was unnecessary.

Peterson alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1    Defendant's motion for summary judgment, **ECF No.  16**, is **granted.**

2    Plaintiff's motion for summary judgment, ECF No. 14, is denied.

3    The District Court Executive is directed to file this Order, provide copies to

4    counsel, enter judgment in favor of defendant and **CLOSE** the file.

5    DATED this 30th day of October, 2015.

6                                    _S/ James P. Hutton_

7                            JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER  ~ 15